DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
JAMES EMERY, State Bar #153630
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4261
Facsimile:    (415) 554-3837
E-Mail:       james.emery@sfgov.org

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO, ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAMMAN, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO; THE DEPARTMENT OF BUILDING INSPECTION, THE BUILDING INSPECTION COMMISSION, THE ABATEMENT APPEALS BOARD, FRANK Y. CHIU, DIRECTOR DEPARTMENT OF BUILDING INSPECTION, WILLIAM WONG, DEPUTY DIRECTOR OF PERMIT SERVICES, JIM HUTCHINSON, DEPUTY DIRECTOR OF INSPECTION SERVICES, WING LAU, CHIEF BUILDING INSPECTOR, LEO MCFADDEN, SUPERVISOR CODE ENFORCEMENT SECTION, AND ROSEMARY BOSQUE, DEPARTMENT OF BUILDING INSPECTION HEARING OFFICER AND DOES 1-100. <br><br> Defendants. | Case No. **C03-5045 JSW/EDL** <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Date: November 12, 2004 <br> Time: 1:30 p.m. <br> Place: Courtroom 2, 17th floor <br> Date Filed: Nov. 13, 2003 <br> Trial Date: not set |

The parties have reached a tentative negotiated resolution of this case, subject to approval by the City's Building Inspection Commission. The Litigation Committee of the Building

Inspection Commission will meet on November 9, 2004, and will consider this matter at its November 9 meeting. The Litigation Committee may act on the proposed settlement at its November 9 meeting, or it may take the matter under submission for further consideration.

### 1. Subject Matter Jurisdiction

Plaintiff's First Amended Complaint includes six causes of action. The first, second and third causes of action allege violations of Plaintiff's federal constitutional rights. The fourth, fifth and sixth causes of action seek administrative mandamus under state law to require the San Francisco Department of Building Inspection (DBI) to issue building permits to Plaintiff and to direct the Abatement Appeals Board to reverse its decision against Plaintiff. Plaintiff invokes federal question jurisdiction over his constitutional claims and supplemental jurisdiction over his state law mandamus causes of action.

Defendants believe the Court lacks subject matter jurisdiction over the mandamus claims, which are properly heard exclusively in state court. Defendants further believe the Court should abstain from exercising jurisdiction over plaintiff's constitutional claims in deference to ongoing administrative proceedings at DBI enforcing San Francisco Building Codes, pursuant to the *Younger* doctrine and related doctrines.

### 2. Description Of The Case

Plaintiff is the owner of the Property at 702 Earl Street in San Francisco. Plaintiff resides at the Property, and the ground floor includes commercial space for lease. Plaintiff alleges DBI has enforced building codes against him in a discriminatory manner in retaliation for his political activity, and has unreasonably withheld building permits from him to repair the building code violations at the Property.

Defendants deny unfair enforcement of building codes against Plaintiff. Defendants believe the issue will be resolved when Plaintiff's pending permit application issues from DBI and he completes the work necessary to remediate the code violations identified in October 2002.

Plaintiff has submitted to DBI a building permit application to remediate the building code violations that are the subject of the Statement of Violations and the Order of Abatement issued against the Property.

### 3. Disputed Legal Issues

If the parties are unable to settle this action, defendants will file a motion to dismiss under Fed. R. Civ. P. 12 to raise their challenge to subject matter jurisdiction over the mandamus causes of action, and to invoke abstention under the *Younger* doctrine and related doctrines.

### 4. Procedural History

Plaintiff commenced this action on November 13, 2003, but he never served his original complaint on any defendant. Plaintiff filed a first amended complaint on February 10, 2004. As the parties have engaged in settlement discussions and attempted to resolve the substantive dispute at the administrative level at DBI, the parties have repeatedly extended defendants' time to answer or otherwise respond to the first amended complaint. The parties agree that defendants' anticipated motion to dismiss will not advance settlement.

The parties jointly request a further extension of defendants' time to answer or otherwise respond to Plaintiff's first amended complaint to December 10, 2004.

### 5. Discovery To Date

The parties have exchanged initial disclosures.

### 6. Discovery Plan

Because the parties have focused their attention on a negotiated resolution of this matter, they have not yet developed a discovery plan.

### 7. Anticipated Motions

If the parties are unable to resolve this case, defendants anticipate filing the motion to dismiss described above.

### 8. Relief Sought

Plaintiff seeks monetary compensation for the asserted violations of his constitutional rights, and an order from this Court requiring DBI to issue building permits to Plaintiff and directing the Abatement Appeals Board to reverse its decision against Plaintiff.

### 9. ADR Plan

The Parties believe they will settle this case. If the parties are unable to conclude the negotiations promptly, we may jointly seek a settlement conference before a Magistrate Judge or court-sponsored mediation before a neutral.

### 10. Consent To Magistrate Judge

On December 22, 2003, Plaintiff filed his declination to proceed before a Magistrate judge.

### 11. Proposed Deadlines And Court Dates

The parties propose that if they have not submitted a settlement stipulation by December 10, 2004, the Court at that time refer the matter to a Settlement Conference or to court-sponsored mediation.

In the event settlement efforts are unsuccessful even after mediation and the Court declines to abstain from hearing Plaintiff's federal constitutional claims, the parties anticipate the case could be ready for trial within one year.

### 12. Service List For Counsel

Andrew M. Zacks
Eric McFarland
Law Office of Andrew M. Zacks
235 Montgomery Street, Suite 1130
San Francisco, California 94104
Tel: 415-956-8100
Fax: 415-288-9755

Attorneys for Plaintiff

James M. Emery
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Tel: 415-554-4261
Fax: 415-554-3837

Attorneys for Defendants

### 13. Additional Miscellaneous Items

None.

**14. Disclosure of Interested Entities**

None.

Respectfully Submitted,

Dated: _____

By: _____
ERIC MCFARLAND

Attorneys for Plaintiff
MICHAEL HAMMAN

Dated: 11-5-04

By: /s/ James M. Emery
JAMES M. EMERY

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO; THE DEPARTMENT OF BUILDING INSPECTION, THE BUILDING INSPECTION COMMISSION, THE ABATEMENT APPEALS BOARD, FRANK Y. CHIU, WILLIAM WONG, JIM HUTCHINSON, WING LAU, LEO MCFADDEN, AND ROSEMARY BOSQUE

SO ORDERED:

Dated: _____

_____
HON. JEFFREY S. WHITE
United States District Judge

14. **Disclosure of Interested Entities**

None.

Respectfully Submitted,

Dated: Nov. 5, 2004

By: *(signed)* Eric D. McFarland
ERIC MCFARLAND

Attorneys for Plaintiff
MICHAEL HAMMAN

Dated: _____

By: _____
JAMES M. EMERY

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO; THE DEPARTMENT OF BUILDING INSPECTION, THE BUILDING INSPECTION COMMISSION, THE ABATEMENT APPEALS BOARD, FRANK Y. CHIU, WILLIAM WONG, JIM HUTCHINSON, WING LAU, LEO MCFADDEN, AND ROSEMARY BOSQUE

SO ORDERED:

Dated: _____

_____
HON. JEFFREY S. WHITE
United States District Judge